MEMORANDUM **
Petitioner Rocio Henriquez-Rivas, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) sustaining the government’s appeal of an Immigration Judge’s (“IJ”) grant of asylum, and denying her applications for withholding of removal, and protection under the Convention Against Torture. Henriquez-Rivas witnessed her father’s murder by Mara Salvatrucha (“MS”) gang members and asserted a fear of future persecution on account of her membership in a social group comprised of individuals who testified against gang members in court. The BIA held that Henriquez-Rivas had not established that her proposed group was one within the meaning of the Immigration and Nationality Act (“the Act”) and she therefore failed to establish a nexus to a protected ground.
Henriquez-Rivas contends that she has shown membership in a protected social group because people who testified against gang members in court share a past experience that cannot be changed, and hence, share an immutable characteristic. See Matter of Acosta, 19 I. & N. Dec. 211, 233 (BIA 1985). As the BIA and this Court have recognized, shared past experience is not dispositive. See Matter of S-E-G-, 24 I. & N. Dec. 579, 584 (BIA 2008); see also Ramos-Lopez v. Holder, 563 F.3d 855, 861 (9th Cir.2009) (concluding that the BIA’s decision in Matter of S-E-G- was not arbitrary or capricious); Donchev v. Mukasey, 553 F.3d 1206, 1217 (9th Cir.2009) (“The immutable characteristic is a sine qua non for status as a member of a ‘particular social group,’ though it is not by itself sufficient.”). The key to establishing a *628 particular social group is to ensure that the group is narrowly defined to delimit its membership. Matter of S-E-G, 24 I. & N. Dec. at 582; Soriano v. Holder, 569 F.3d 1162, 1166 (9th Cir.2009).
We have held that petitioners asserting membership in groups very similar to Henriquez-Rivas’s proposed group cannot qualify under the Act. See, e.g., Velasco-Cervantes v. Holder, 593 F.3d 975, 978-79 (9th Cir.2010) (concluding that a proposed group comprising of material witnesses for the government does not qualify because it cannot be defined with sufficient particularity since any person of any origin can be involuntarily placed in that role); Soriano, 569 F.3d at 1166 (concluding that government informants do not qualify as a social group); Santos-Lemus v. Mukasey, 542 F.3d 738, 746 (9th Cir.2008) (concluding that young men in El Salvador resisting gang violence does not qualify as a particular social group). Accordingly, Henri-quez-Rivas’s claim is precluded by this Court’s precedent.
We reject Henriquez-Rivas’s contention that the BIA should have considered her claim that she was persecuted based on her political opinion. The record reflects that Henriquez-Rivas did not raise this issue to the BIA for its consideration. See Zhang v. Ashcroft, 388 F.3d 713, 721 (9th Cir.2004) (stating that a petitioner must l'aise the issue in a manner sufficient “to put the BIA on notice” that she is challenging the IJ’s determination).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.