FLOYD, Circuit Judge,
concurring:
I concur in the well-crafted majority opinion. I write separately simply to address what I perceive as lingering confusion regarding the implications of our holding in Crespin-Valladares v. Holder, 632 F.3d 117 (4th Cir.2011). In my view, Judges Bea and Ripple, concurring in Henriquez-Rivas v. Holder, No. 09-71571, 449 Fed.Appx. 626, 2011 WL 3915529 (9th Cir. Sept. 7, 2011) (unpublished), were correct in the following observation:
It should be noted that the proposed social group in Crespin [Crespirir-Valladares\ included only family members of [prosecution witnesses against gangs] and not the witnesses themselves. However, to my mind, if the family members of witnesses are deemed socially visible and particular, the witnesses themselves — a more particular and socially visible and smaller class of people— must, a fortiori, meet those requirements as well.
Id. at 632 n. 5, 2011 WL 3915529, at *5 n. 5. That is, to the extent members of a particular, socially visible group are defined by their relationship to another person or group of people, this person or group presumably also satisfies the particularity and social visibility criteria. It may be, of course, that “prosecution witnesses against gangs” do not constitute a “particular social group” for some reason other than particularity or social visibility, but I am of the opinion that Crespin-Valladares is properly read to indicate that such a group satisfies these criteria in the same manner that “family members of prosecution witnesses against gangs” do.*
Thus, while I agree that Zelaya’s proposed social group is insufficiently particular, I reach this conclusion not because the members of the proposed group lack kinship ties, but rather because the characteristics of the group are, in my view, broader and more amorphous than a group consisting of individuals who have testified for the government in formal prosecutions of gangs. As the lead opinion deftly explicates, Zelaya’s conduct in twice contacting the police has failed to materially distinguish this case from Matter of S-E-G-, 24 I. & N. Dec. 579 (BIA 2008). For this reason, I concur in the denial of Zelaya’s petition for review with respect to his asylum and withholding of removal claims.
Judge Davis has authorized me to indicate that he joins in this opinion.

 To be clear, I am not expressing an opinion on whether we should find that the social visibility requirement comports with the INA or, alternatively, should join the Seventh Circuit in rejecting this requirement, see Gatimi v. Holder, 578 F.3d 611, 615-16 (7th Cir.2009). We did not reach this issue in Crespin-Valladares, 632 F.3d at 125 n. 5, and we have no occasion do so here. In Crespin-Valladares, we determined only that, if a cognizable social group must be socially visible, the "family members” group fulfills this criterion. Id. at 125-26 & n. 5. I believe it follows from Crespin-Valladares that, to the extent we impose a social visibility requirement, the group "prosecution witnesses against gangs” also satisfies this criterion.