**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GODOFREDO QUINTANILLA
ORELLANA,

              Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 11-73620

Agency No. A200-036-023

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2014
Pasadena, California

Before:     W. FLETCHER and BYBEE, Circuit Judges, and SINGLETON,
Senior District Judge.[**]

        Petitioner Godofredo Quintanilla-Orellana, an alien from El Salvador, and

his brother-in-law witnessed Mara Salvatrucha ("MS-13") gang members shoot a

young boy.  Petitioner and his brother-in-law reported what they had seen to the

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

police and, on the basis of their report, the police arrested two MS-13 gang members. In retaliation, MS-13 members threatened to kill Petitioner and subsequently murdered his brother-in-law. Petitioner fled to the United States and now seeks asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Petitioner argues that he is entitled to asylum and withholding of removal as a member of a particular social group of "crime witnesses who give incriminating statements to the police against gangs." Before the BIA, however, Petitioner argued for a broader definition of the social group to which he belonged: "people who have been persecuted by gang members in a country, which is unable or unwilling to control gang violence." Nevertheless, in his brief to the BIA, Petitioner accurately described his particular situation, which fits into the narrower social group in which he now claims membership. Since the BIA's decision, this Court, sitting en banc, found that the BIA misapplied its own precedents when it held that witnesses who testify against gang members may not constitute a particular social group. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013) (en banc). The government argues that Petitioner cannot benefit from this intervening decision because Petitioner did not exhaust the argument that he belongs to that group.

We disagree. First, Petitioner did not need to exhaust this argument. While this Court lacks jurisdiction over claims that were not presented to the BIA, there is an exception for arguments that were "entirely foreclosed" at the time of the BIA proceedings. *Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014); *see also* 8 U.S.C. § 1252(d)(1) (aliens must exhaust "all administrative remedies available to the alien *as of right*" (emphasis added)). If circuit or agency precedent forecloses a claim, "such that the agency cannot give it unencumbered consideration, it is not available as of right and the statute does not require it to be exhausted, although 'prudential exhaustion requirements still apply.'" *Alvarado*, 759 F.3d at 1128 (quoting *Sun v. Ashcroft*, 370 F.3d 932, 942 (9th Cir. 2004)).

At the time of Petitioner's proceedings below, the claim that crime witnesses against gangs could constitute a particular social group was "precluded by this Court's precedent." *Henriquez-Rivas v. Holder*, 449 F. App'x. 626, 628 (9th Cir. 2011) (rejecting proposed social group of "people who testify against gang members in court," where Salvadoran woman witnessed MS-13 kill her father and testified against the gang); *see also Velasco-Cervantes v. Holder*, 593 F.3d 975, 978 (9th Cir. 2010) (rejecting proposed social group of "former material witnesses for the government"); *Soriano v. Holder*, 569 F.3d 1162, 1166 (9th Cir. 2009) (rejecting proposed social group of "government informants"). However, after the

BIA's decision in this case, an en banc panel of this Court overruled those precedents. *Henriquez-Rivas*, 707 F.3d at 1093–94. Petitioner is now entitled to raise his newly available argument.

Second, even if Petitioner was required to exhaust this argument, he did so. An alien "is deemed to have exhausted only the issues raised and argued in [his] brief" to the BIA. *Alvarado*, 759 F.3d at 1128 (citing *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam)). But a "petitioner need not . . . raise [his] *precise* argument" in that brief. *Id.* (quoting *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008)); *see also Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) ("[T]he petitioner is not limited to raising issues in exactly the same terms as they were presented to the Board."). Although Petitioner framed his argument to the BIA based on a different characterization of his particular social group, Petitioner explained that the basis for his asylum application was the threat of gang violence that he faced as a result of giving testimony against MS-13 to the Salvadoran police. This was enough to put the BIA on notice that he was seeking asylum as a crime witness against a gang.

Remand is appropriate because "a court's role in an immigration case is typically one of 'review, not of first view.'" *Gonzales v. Thomas*, 547 U.S. 183, 185 (2006) (per curiam) (quoting *INS v. Orlando Ventura*, 537 U.S. 12, 29 (2002)

(per curiam)).  This Court cannot decide in the first instance whether Petitioner belongs to a particular social group.  Rather, in light of the intervening precedent, the BIA must "determin[e] the facts and decid[e] whether the facts as found fall within" the new definition of particular social group.  *Id.* at 186.  The BIA should conduct its inquiry on an open record in order to decide whether, in light of *Henriquez-Rivas*, Petitioner is entitled to asylum and withholding of removal.

However, we deny Petitioner's CAT claim.  Substantial evidence supports the BIA's conclusion that the Salvadoran government does not acquiesce in gang violence.  *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013).  The government's anti-gang efforts "have not achieved the desired goals of resolving crimes and protecting citizens, [but] they support the BIA's determination that the government is not wilfully blind" to the problem of gang violence.  *Id.* at 1035.

Finally, we deny as moot Petitioner's motion to take judicial notice of the 2013 U.S. Department of State Report on Human Rights Practices in El Salvador and two recent articles in the New York Times and Reuters.

**PETITION GRANTED AND REMANDED**