**NOT FOR PUBLICATION**

MAY 22 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRNA ROSILLO VILLEGAS,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.  13-72946<br><br>Agency No. A205-312-931<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2017[**]
Pasadena, California

Before:  O'SCANNLAIN and OWENS, Circuit Judges, and WILKEN,[***] Senior District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Claudia Wilken, United States Senior District Judge for the Northern District of California, sitting by designation.

Mirna Rosillo Villegas, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals's ("BIA") decision dismissing her appeal of an order by an immigration judge ("IJ") denying her applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

As the parties are well aware of the facts, we do not reiterate them here.

I

Villegas contends that the BIA erred by denying her request for withholding of removal based on her asserted membership in two proposed social groups: (1) female merchants who are vulnerable and extorted by gang members, and (2) Salvadorans returning to El Salvador after a period of time spent in the United States.

The BIA did not err by concluding that Villegas's first proposed social group–female merchants who are vulnerable and extorted by gang members–lacks sufficient particularity and social distinction to be eligible. *See Rios v. Lynch*, 807 F.3d 1123, 1127–28 (9th Cir. 2015). Villegas offered no evidence to prove that the asserted group is sufficiently particular, namely that it "can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Henriquez-Rivas v. Holder*, 707 F.3d

1081, 1091 (9th Cir. 2013). Additionally, Villegas offered no evidence that the proposed group is socially distinct in El Salvador.

Villegas's second proposed social group–Salvadorans returning to El Salvador after a period of time spent in the United States–is also insufficient. We have previously held that functionally identical proposed social groups were defined too broadly to qualify as cognizable. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (holding that the proposed group of "imputed wealthy Americans" is too broad to qualify as cognizable)*; Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (same outcome for proposed group of "returning Mexicans from the United States").

Furthermore, substantial evidence supports the BIA's conclusion that the harm Villegas suffered in the past was based on a pecuniary interest rather than her membership in any alleged social group. Accordingly, Villegas failed to prove that her membership in either proposed social group is a reason for her alleged past and future persecution. *See Barajas-Romero v. Lynch*, 846 F.3d 361, 364 (9th Cir. 2017).

II

Villegas next asserts that the district court erred by denying her application for protection under the CAT.

Villegas's blanket assertion that she "will be subject to rape and robbery by the gangs and/or the corrupt police who work hand in hand with the gangs" is not supported by any individualized evidence indicating that she would be tortured upon removal to El Salvador. In fact, her own testimony that public officials could have protected her from prior attacks weighs against such assertion. Furthermore, we have previously held that the Salvadoran government does not acquiesce in gang violence. *See Quintanilla Orellana v. Holder*, 593 Fed. App'x 616, 619 (9th Cir. 2014). Accordingly, the BIA did not err in denying Villegas's petition for protection under the CAT.

The petition for review is DENIED.